UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ARLEN BERT BROWN,            )
                             )
    Plaintiff(s),             )
                             )
vs.                          )  Case No. 4:04CV00032 SNL
                             )
PHILLIP HORN,                )
                             )
    Defendant(s).             )

## MEMORANDUM OPINION

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983 while he was an inmate at Southeast Correctional Center (SECC). In the caption, Defendant is named "Phillip Horn Circuit Court Marshal - Ste. Genevieve County Circuit Court." On page four of the complaint, Plaintiff identified Defendant as "Defendant Phillip Horn is employed as Circuit Court Marshal at the Ste. Genevieve County Courthouse. Ste. Genevieve Missouri 63670."

Plaintiff alleges that "while in the care and custody of the St. Genevieve Co. Sheriff's Dept, before court proceedings, Circuit Court Marshal Phillip Horn, directed Plaintiff to conference room for attorney visit." During the visit, Plaintiff states he "reached for his mother for a hug" and as contact was made, Defendant grabbed Plaintiff, "hammerlocked" his arm behind his back and "shoved him against the wall and banged his head." Plaintiff claims Defendant used "unnecessary" force against him and "punishment without due process."

Defendant moved for "Judgment on the Pleadings," which Plaintiff opposed and Defendant replied to Plaintiff's opposition.

Gary Stolzer, Ste. Genevieve County Sheriff, a former Defendant, was dismissed on September 28, 2004; thus, Horn is the only remaining Defendant.

## Standard for Consideration's of a Motion for Judgment on the Pleadings

Judgment on the Pleadings is appropriate only where the moving party has clearly established that no material issue of fact remains and the moving party is entitled to judgment as a matter of law. Faibisch v. University of Minnesota, 304 F.3d 797, 803 (8th Cir. 2002); Potthoff v. Morin, 245 F.3d 710, 715 (8th Cir. 2001); Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). We accept as true all facts pled by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party. Faibisch, at 803 and Potthoff, at 715. Ordinarily, the standard for consideration of a motion for judgment on the pleadings is the same as considered in ruling on a motion to dismiss. St. Paul Ramsey Cty. Med. Ctr. v. Pennington Cty., 857 F.2d 1185, 1187 (8th Cir. 1988). Thus, a defense of failure to state a claim may be raised in a motion for judgment on the pleadings. Id., at 1187. "Although the pleading standard is liberal, the plaintiff must allege facts - not mere legal conclusions - that, if true, would support the existence of the claimed torts." Moses.com Securities, Inc. v. Comprehensive Software Systems, Inc., 406 F.3d 1052, 1062 (8th Cir. 2005) citing Schaller Tele Co. v. Golden Sky Systems, Inc., 298 F.3d 736, 740 (8th Cir. 2002). See also, U.S. v. $244,320.00 in U.S. Currency, 295 F.Supp.2d 1050, 1055 (S.D. Iowa 2003).

## Claims Against Defendant in his Official Capacity or Individual Capacity

The standard for claims against public servants has been articulated with great care in the case of Johnson v. Outboard Marine Corp., 172 F.3d 531 (8th Cir. 1999). The Court stated at page 535:

"Public servants may be sued under section 1983 in either their official capacity, their individual capacity, or both. *See, e.g., Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). The amended complaint does not specify in what capacity the law enforcement defendants are being sued. ... This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity. *See Artis v. Francis Howell North Band Booster Ass'n Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998); *Murphy*, 127 F.3d at 754. Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. *See Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989); *Egerdahl v. Hibbing Comm. College*, 72 F.3d 615, 619-20 (8th Cir. 1995). Absent such an express statement, the suit is construed as being against the defendants in their official capacity. A suit against a public employee in his or her official capacity is merely a suit against the public employer. *See Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)"

Defendant is being sued here as a "Circuit Court Marshal at the Ste. Genevieve County Courthouse." As there is no language in the complaint specifying that Defendant is being sued in his individual capacity, this suit is construed as Defendant being sued in his official capacity. In fact, Defendant is represented by the Missouri Attorney General. Accordingly, the Court construes this complaint as against the governmental employer itself. Bankhead v. Knickrehm, 360 F.3d 839, 844 (8th Cir. 2004); Johnson, at 535.

A governmental entity may not generally be held liable for the allegedly unconstitutional acts of its employees under the doctrine of *respondeat superior*. Monell v. Department of Social Services, 436 US. 658 (1978); Johnson, at 535 *citing* Monell, *supra*. The governmental entity may be held liable for the unconstitutional acts of its employees when those acts implement or execute an unconstitutional policy or custom. Monell, 436 U.S. at 694; Johnson, at 535; Mettler v. Whitledge, 1265 F.3d 1197, 1204 (8th Cir. 1999). A plaintiff may establish liability under § 1983 by proving that his constitutional rights were violated by an action pursuant to official governmental

3

policy or misconduct so pervasive among non-policymaking employees of the entity as to constitute a custom or usage with the force of law. Spencer v. Knapheide Truck Equipment Co., et. al., 183 F.3d 902, 905 (8th Cir. 1999). The plaintiff must show that the entity, through the alleged misconduct, was the "moving force" behind the injury alleged. Board of County Commissioners of Bryan County, Okla. v. Brown, 520 U.S. 397, 405 (1997).

There is nothing in Plaintiff's complaint or in any of his pleadings to suggest Defendant acted under any governmental policy or that any governmental entity was the moving force behind the injury alleged.

All Plaintiff has alleged is a single incident of tortious and/or unconstitutional conduct by Defendant. A single incident of police misconduct cannot form the basis for imposing liability on the government employer. Oklahoma City v. Tuttle, 471 U.S. 808 (1985); Mettler v. Whitledge, 165 F.3d 1197, 1205 (8th Cir. 1999); Mosley v. Reeves, 99 F.Supp.2d 1048, 1054 (E.D. Mo. 2000).

As Plaintiff has presented nothing that would indicate any liability on the part of the State of Missouri or any other governmental entity for the alleged misconduct, summary judgment will be granted to Defendant on Plaintiff's § 1983 claim.

### Plaintiff's Eighth Amendment Claim

Plaintiff alleges Defendant violated his Eighth Amendment rights when he inflicted unnecessary force against him at his court appearance.

Although his Eighth Amendment claims require the establishment of "unnecessary and wanton infliction of pain," the standard by which to adjudge this element differs according to the nature of the alleged constitutional violation. Wherein excessive force by prison officials/guards is alleged, the appropriate standard is whether the force was applied in a good-faith effort to maintain

4

or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, *supra.; see also*, Samuels v. Hawkins, 157 F.3d 557, 558 (8th Cir. 1998) (citing the "malicious and sadistic" standard of Hudson); Parkus v. Delo, et. al., 135 F.3d 1232, 1234 (8th Cir. 1988) (citing the "malicious and sadistic" standard of Hudson). Considerations relevant to the determination of whether the force was applied in a good-faith effort to maintain or restore discipline, or simply in a malicious and sadistic manner in order to inflict pain, include the threat reasonably perceived by the prison official(s), the relationship between the needs for force and the amount of force used, the efforts made to minimize the force used, and the extent of the injury inflicted. Hudson, 503 U.S. at 7; *see also* Jones v. Shields, 207 F.3d 491, 495 (8th Cir. 2000).

It is difficult for any court to clearly ascertain the permissible level of force necessary in any given prison situation. Although the Eighth Amendment places restraints on the use of force in prisons, courts must defer to a certain extent to prison official's determination of the appropriate security measures to be taken in a particular situation. Whitley, 475 U.S. at 319. In assessing whether the force used was necessary or excessive, a court must consider the "extent of the threat of safety to staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them, and any efforts make to temper the severity of a forceful confrontation." Whitley, 475 U.S. at 321.

In Plaintiff's complaint and his response in opposition to Defendant's motion for judgment on the pleadings, he asserts he was to appear in the Ste. Genevieve Circuit Court and "before court proceedings" Defendant directed him "to conference room for attorney visit." At the time, Plaintiff admitted he was "an inmate serving a sentence for unrelated matters."

5

Plaintiff stated he "was equipt [sic] with 'Stiff Leg' brace for extra security." Plaintiff's attorney, his mother and witnesses were in the conference room. Plaintiff "reached for his mother for a hug and just as contact was made, Officer Horn, without warning, maliciously grabbed from behind Plaintiff, 'Hammerlocked' arm behind his back, and shoved him against the wall and banged his head." Defendant then ordered everyone from the room except Plaintiff and his attorney.

As the result of Defendant's actions, Plaintiff claims he "severely damaged the rotory cup [sic] in my shoulder, causing limited mobility and severe pain." (Informal request for remedy filed 1/8/04).

In Plaintiff's affidavit filed on January 8, 2004, attached to his complaint, he states he had injury to his shoulder and the medical staff gave him Tylenol for pains and a sling for his arm. He has had "exrays [sic], shots into the joint of his shoulder and steroid packs." He states he may need exploratory surgery but "Due to D.O.C.'s reputation with 'exploratory surgery' with the inmates, I am in fear more of this Dr.'s advice."

These facts do not constitute a sufficient statement for an Eighth Amendment violation. Obviously, Plaintiff was a security risk, else he would not have had a stiff leg brace when he entered the conference room. Although he was to confer with his attorney, his mother and other persons were in the room when he entered.

Although the record is silent and the Court may not speculate, it is common knowledge that members of the public may enter a state courthouse without being inspected. A court visitor may possess a firearm or illegal drugs or other illegal paraphernalia unknown to security officers.

Accordingly, Defendant here apparently reacted with force by pulling Plaintiff away from his mother when contact with her could have posed a security risk. Generally, family visitation is

6

implemented pursuant to security rules of the supervising officer. Thus, when an inmate is to visit his attorney and a family member is also present, it is not unreasonable to prevent contact with the family member under those circumstances. There is no evidence to suggest the force was applied maliciously or sadistically to cause harm to Plaintiff.

Here, the Court must defer to a certain extent Defendant's determination of the appropriate security measure to be taken to prevent Plaintiff from having contact with his mother. Whitley, 475 U.S. at 319. Sentimentality in today's world unfortunately must give way to guaranteeing the safety of the public and to avoid potential inmate escape.

The extent of the injury inflicted to Plaintiff is also subject to question. Plaintiff stated his shoulder was hurt and he was given Tylenol for pain and a sling for his arm. He felt his rotary cup was damaged.

There is no medical affidavit or record to support Plaintiff's complaints. He was not hospitalized and whatever his complaints were appear to have been addressed by the medical staff. Serious or permanent injury is not required to make out an Eighth Amendment Claim. The Court determines the pain and injury described here are not sufficient to suggest a constitutional deprivation, nor was the type of force used by Defendant repugnant to the conscience of mankind. Jones v. Shields, 207 F.3d at 495-496. Plaintiff's Eighth Amendment claim should be ruled against him.

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings [doc. #15] should be granted.

So Ordered this 21st Day of March, 2006.

/s/ Stephen N. Limbaugh
**STEPHEN N. LIMBAUGH**
**UNITED STATES DISTRICT JUDGE**